# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| LARRY KLAYMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v.  § | Case No. 9:20-cv-82039-AMC |
| § | |
| CABLE NEWS NETWORK, INC.; § | |
| aka CNN; OLIVER DARCY; and § | |
| JEFFREY ZUCKER, § | |
| § | |
| Defendants. § | |

---

### DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

---

Laura Lee Prather
Wesley D. Lewis
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
laura.prather@haynesboone.com
wesley.lewis@haynesboone.com
Telephone:    512.867.8400

Dana J. McElroy
THOMAS & LOCICERO, PL
915 Middle River Drive, Suite 309
Fort Lauderdale, Florida 33304
dmcelroy@tlolawfirm.com
Telephone:    954.703.3416

*Attorneys for Defendants*

Defendants Cable News Network ("CNN"), Oliver Darcy ("Darcy") and Jeffrey Zucker ("Zucker") (collectively, "Defendants") file this Response to Order to Show Cause, and state as follows:

## I.
## BACKGROUND

1.      On Tuesday, August 11, 2020, Plaintiff Larry Klayman ("Plaintiff") filed a lawsuit against Defendants in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *Klayman v. Cable News Network, et al.*, Case No. 50-2020-CA-008738-XXXX-MB (the "State Court Action"). Defendants accepted service of the Complaint on October 7, 2020.

2.      Pursuant to 28 U.S.C. § 1446, on November 6, 2020, Defendants filed a Notice of Removal in the United States District Court for the Southern District of Florida (the "Notice of Removal") (Dkt. 1). In the Notice of Removal, Defendants asserted that this Court has original jurisdiction over the State Court Action under federal diversity jurisdiction, 28 U.S.C. § 1332, which provides in relevant part, that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

3.      On November 23, 2020, the Court (District Judge William P. Dimitrouleas) issued an Order to Show Cause (the "Show-Cause Order") (Dkt. 9), ordering Defendants to support their claim that the amount in controversy meets the jurisdictional threshold of $75,000 no later than November 30, 2020.

4.      On November 23, 2020, this case was reassigned to District Judge Aileen M. Cannon for all further proceedings. (Dkt. 11).

5.      Defendants now file this Response to the Court's Show-Cause Order ("Response") and submit the attached evidence in further support of its Notice of Removal and to demonstrate that the amount in controversy exceeds the jurisdictional minimum of $75,000 pursuant to 28 U.S.C. § 1332(a).

## II.
## STANDARD

6.      A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(a) (requiring, in relevant part,

"a short and plain statement of the grounds for removal"). If the court questions or the plaintiff contests a removing defendant's allegation as to the amount in controversy, then the defendant bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional threshold. *Owens*, 574 U.S. at 89; 28 U.S.C. § 1446(c)(2). *See also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("Where jurisdiction is based on a claim for indeterminate damages . . . the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum.").

7.   The jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010). Defendants may introduce their own "affidavits, declarations, or other documentation" to meet their burden. *Id.*; *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344–45 (S.D. Fla. 2013). Further, the court may consider post-removal evidence outside the removal petition in determining the amount in controversy. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

8.   A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. In addition, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770.

### III.
### EVIDENCE OF AMOUNT IN CONTROVERSEY

9.   Though the Complaint does not explicitly state the amount of damages that Plaintiff seeks,[1] Defendants can satisfy their burden of establishing, by more than a mere preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold of $75,000. *See*

---

[1] Plaintiff alleges that his damages are, at a minimum, in excess of $15,000, *see* Compl. ¶ 1 (Dkt. 1), which is the former jurisdictional minimum of the Florida circuit court in which the Complaint was filed.

*Owens*, 574 U.S. at 89. Indeed, all evidence and "reasonable deductions, reasonable inferences, or other reasonable extrapolations" support a finding that Plaintiff's lawsuit has placed far more than this amount at issue in the lawsuit. *See Pretka*, 608 F.3d at 754. Based on the allegations in the pleadings, the nature of the claims at issue in this lawsuit, and Plaintiff's representations regarding his damages, this Court should conclude that this case is removable. *Roe*, 613 F.3d at 1061–62.

A.  **The intrinsic allegations in Plaintiff's Complaint and court filings indicate more than $75,000 in controversy.**

10.  The Complaint states that Defendants' alleged defamation caused Plaintiff "great damage" in Florida and "severely damaged" him. *See* Compl. ¶¶ 1, 17. Further, Plaintiff alleges that he "has been severely harmed and damaged by these false and misleading statements because they subjected him to hatred, distrust, ridicule, contempt, and disgrace," and that he has been "damaged by these false and misleading statements because they severely injured Plaintiff Klayman in his profession and businesses, as well as severely injured and damaged him personally, financially and in terms of his good will and reputation." *Id.* at ¶¶ 22–23. Plaintiff explicitly seeks "compensatory [*sic*] including actual, consequential, incidental [*sic*] for malicious tortious concerted conduct, jointly and severally, in an amount to be determined at by [*sic*] a jury at trial for the damages caused to his personal, and professional reputations and good will in his trades and professions, as well as past and prospective financial losses, personally and professionally," "attorney fees and costs," and such other relief that the Court deems appropriate and necessary. *Id.* at 15.

11.  Moreover, this Court may make reasonable inferences and extrapolations regarding the amount in controversy based on the nature of the pleadings and the type of claims Plaintiff is asserting. *See Roe*, 613 F.3d at 1061–62 (quoting *Pretka*, 608 F.3d at 754). In actions for defamation, Florida law permits recovery of damages resulting from impaired reputation and standing in the community, humiliation, mental anguish, and suffering. *See Carroll v. TheStreet.com, Inc.*, No. 11-CV-81173, 2014 WL 5474061, at *15 (S.D. Fla. July 10, 2014); *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1110 (Fla. 2008). Verdict research indicates that, over the last ten years, the average defamation verdict awarded to plaintiffs in Florida state and federal courts far exceeds $1 million, well above the jurisdictional threshold. *See* Decl. of Laura Prather, Exhibit A, ¶ 5; Ex. A-1. District courts have relied on this type of defamation verdict evidence in finding that the amount in controversy exceeds $75,000. *See Gardner v. Mgmt. & Training Corp.*, No. 4:14CV284-RH/CAS, 2014 WL 3039335, at *2 (N.D. Fla. July 3, 2014) (denying motion for

remand in part based on verdict research showing that Florida defamation verdicts often exceed $75,000, even when a plaintiff seeks only general damages, which, the court noted, is something that "anyone familiar with litigation in Florida already knows"). Accordingly, in light of the causes of action asserted under Florida law and the empirical data establishing the amount at stake in similar lawsuits, this Court may make the reasonable inference that Plaintiff's allegations place more than the $75,000 jurisdictional threshold at issue in this case.[2]

12. Importantly, Plaintiff refuses to stipulate that the amount in controversy is less than or equal to $75,000. In response to the Court's Show-Cause Order, Defendants' counsel conferred with Plaintiff to ask whether he would stipulate that his damages do not exceed $75,000. Prather Decl., Ex. A, at ¶ 6; Ex. A-2. Plaintiff initially indicated a conditional willingness to stipulate to this in exchange for Defendants' agreement to remand the case, but when asked for a binding stipulation that Plaintiff would not seek or be able to recover more than $75,000, Plaintiff stopped responding to Defendants' counsel entirely. *Id.* Plaintiff's refusal to stipulate to the amount in controversy strengthens Defendants' assertion that the amount in controversy threshold is met. *See Aflalo v. Weiner*, No. 17-61923-CIV, 2017 WL 5952703, at *1 (S.D. Fla. Nov. 30, 2017) (noting that plaintiff's refusal to stipulate to damages less than or equal to $75,000 strengthens defendant's argument for removal, and denying remand); *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) ("[A] plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy.") (citation omitted).

13. Further, on August 11, 2020, Plaintiff signed and filed a Civil Cover Sheet, in which he estimated that his damages are $50,000,000.00. *See* Notice of Removal at Ex. C (Dkt. 1-4) (a copy of the Civil Cover Sheet is attached hereto as Exhibit A-3). This amount vastly exceeds the jurisdictional threshold for diversity jurisdiction.[3] *See* 28 U.S.C. § 1332. Though it itself is not a

---

[2] Plaintiff's contention that Defendants' alleged false statements constitute defamation *per se* further indicates that the amount in controversy exceeds $75,000. *See* Compl. at ¶¶ 35–39. Florida law considers defamation per se to be a particularly pernicious class of defamation because it is "so obviously defamatory" and "damaging to [one's] reputation." *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1247 (S.D. Fla. 2014) (quoting *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. Dist. Ct. App. 1973)).

[3] The Court was not convinced that Plaintiff's Civil Cover Sheet constituted a plausible allegation that the amount in controversy exceeded the jurisdictional threshold. *See* Order to Show Cause at pg. 1-2. However, the Civil Cover Sheet, in which Plaintiff valued his claims at $50 million, put

dispositive allegation of damages, the amount of damages that a plaintiff lists on a civil cover sheet does have evidentiary value regarding the amount in controversy in a lawsuit. *See Estate of Roig v. UPS, Inc.*, No. 20-CV-60811-GAYLES/STRAUSS, 2020 U.S. Dist. LEXIS 183082, at *54 (S.D. Fla. 2020) (recommending that motion to remand be denied, relying in part on the fact that, in the civil cover sheet, the plaintiffs estimated the value of their claims to be $250,000); *Williams v. Toys "R" Us – Delaware, Inc.*, No. CV 15-13943-MLW, 2016 WL 5723588, at *1–2 (D. Mass. Sept. 28, 2016) (noting that a civil cover sheet may provide evidence of the amount in controversy, and weighing the civil cover sheet submitted in that case with all the evidence submitted by both sides). Thus, while this Court noted that Plaintiff's Civil Cover Sheet is not dispositive, it does serve as additional evidence that the amount in controversy here exceeds $75,000, particularly when weighed with the other evidence Defendants have submitted with this Response. *See Estate of Roig*, 2020 U.S. Dist. LEXIS 183082, at *54; *Williams*, 2016 WL 5723588, at *1–2.

**B.     Plaintiff's extra-judicial statements establish he is seeking more than $75,000 damages.**

14.     Plaintiff has repeatedly represented outside this lawsuit that his damages are well over $75,000. On July 28, 2020, Plaintiff bragged in a podcast on his Freedom Watch website entitled "Sue, Baby, Sue!" that he would be filing a lawsuit against CNN seeking "very, very large damages." *See* Ex. A-4, at 1, 6. Plaintiff boasted that he brought this lawsuit in an effort "to bankrupt [CNN] to the point that they cease to exist." *See id.*, at 8. Based on Plaintiff's stated goal of bankrupting a large, multinational corporation, this Court should presume that Plaintiff has placed more than $75,000 in controversy in this lawsuit. *See Pretka*, 608 F.3d at 770 (noting that district courts should not "shelve common sense" in determining whether evidence establishes the jurisdictional amount). Plaintiff's statements make clear that he has much more than $75,000 of damages in mind.

15.     Finally, in his pre-suit correspondence with Defendants, Plaintiff stated that "DAMAGE IS OCCURRING MINUTE BY MINUTE" and "THE DAMAGE WHICH YOU

---

Defendants on notice that the case may be removable and that Defendants had thirty days from receipt of the Civil Cover Sheet to remove. *See* 28 U.S.C. § 1446(b)(3) (if the case stated by the initial pleading is not removable, notice of removal must be filed within 30 days after receipt of a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). If Defendants had not filed the Notice of Removal when they did, they would have waived their ability to remove the case to federal court. *See id.*

HAVE CAUSED IS BEING COMPOUNDED MINUTE BY MINUTE" and threatening to seek "large damages" if Defendants did not retract the allegedly defamatory statements. A copy of this correspondence is attached hereto as Exhibit A-5. Plaintiff's assertion that his damages are "occurring minute by minute" and compounded over time also indicates that the amount in controversy exceeds $75,000.

## IV.
## CONCLUSION

16. Defendants have shown by a preponderance of the evidence that the amount in controversy threshold is satisfied and that this Court has diversity jurisdiction. *Owens*, 574 U.S. at 89; *Federated Mut. Ins. Co.*, 329 F.3d at 807. In fact, *all* available evidence supports Defendants' contention that the amount in controversy exceeds $75,000. Given Plaintiff's allegations in the Complaint and all of the additional evidence discussed above—including empirical data regarding similar claims, Plaintiff's signed Civil Cover Sheet estimating the amount of his claims at $50 million, his refusal to stipulate that he is seeking less than or equal to $75,000, and his statements made outside this lawsuit regarding the suit's purpose and his damages—Defendants have produced more than enough evidence to allow the Court to make the "reasonable deduction" that this case is removable. *See Pretka*, 608 F.3d at 754.

17. For the foregoing reasons, Defendants respectfully request that this Court find that the amount in controversy meets the jurisdictional threshold and that the Court has jurisdiction over this case pursuant to diversity jurisdiction under 28 U.S.C. § 1332.

Date: November 30, 2020

Respectfully submitted,

By:     */s/ Dana McElroy*
Dana J. McElroy
dmcelroy@tlolawfirm.com
Florida Bar No.: 845906
**THOMAS & LOCICERO, PL**
915 Middle River Drive, Suite 309
Fort Lauderdale, Florida 33304
Telephone:    (954) 703-3416
Telecopier:    (954) 400-5415

-and-

Laura Lee Prather[*]
laura.prather@haynesboone.com
Texas Bar No.: 16234200
Wesley D. Lewis[*]
wesley.lewis@haynesboone.com
Texas Bar No.: 24106204
**HAYNES AND BOONE, LLP**
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:    (512) 867-8400
Telecopier:    (512) 867-8470
[*] Admitted *pro hac vice*

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **30th** day of **November, 2020**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing, and has been served this same day via electronic mail and U.S. Mail upon:

    Larry Klayman, *Plaintiff pro se*
    7050 W. Palmetto Park Road
    Boca Raton, Florida 33433-3426
    310.595.0800
    Email: klaymanlaw@gmail.com
           leklayman@gmail.com

                                      */s/ Dana McElroy*
                                      Dana McElroy