# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

LARRY KLAYMAN

        Plaintiff

v.

CABLE NEWS NETWORK, et al

        Defendants.

Case Number:   0:20-cv-82039

## PLAINTIFF LARRY KLAYMAN'S OPPOSITION TO DEFENDANTS DARCY AND ZUCKER'S MOTION TO DISMISS

Dated: February 25, 2021

Respectfully Submitted,

*/s/ Larry Klayman*
Larry Klayman, Esq.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Telephone: (561)558-5336
Email:leklayman@gmail.com

*Pro Se*

<u>**MEMORANDUM OF LAW**</u>

Plaintiff Larry Klayman ("Mr. Klayman") hereby submits the following in opposition to Defendants Jeffrey Zucker ("Defendant Zucker") and Oliver Darcy's ("Defendant Darcy") Motion to Dismiss. ECF No. 5.

**I.    INTRODUCTION**

The case centers around a false, malicious, and defamatory article published on or around July 25, 2020 titled "*Local TV stations across the country set to air discredited 'Plandemic' researcher's conspiracy about Fauci.*" (the "Darcy Article"). This article, written by Defendant Darcy, made the false, malicious, and defamatory statement, that "Larry Klayman, a right-wing lawyer, has a history of pushing misinformation and representing conspiracy theorists." This was written at the direction of Defendant Zucker, and was ratified and condoned by Defendant Zucker as well.

The motivation for this false, malicious and defamatory statement was to attempt to discredit Mr. Klayman, and by association, his client, Dr. Judy Mikovits ("Dr. Mikovits"), a renowned virologist who had stated in an interview that Dr. Anthony Fauci had sent the seeds of the COVID-19 virus from a U.S. military laboratory to China for research purposes, since such research would have been illegal domestically. Comp. ¶ 9. As set forth in the Complaint, and in the attached affidavit of Dr. Mikovits, she had worked together intimately with Dr. Fauci in the past and had first hand knowledge of Dr. Fauci's role in proximately causing COVID-19 to be created by the Chinese government owned laboratory in Wuhan. Comp. ¶9, Comp. Ex. 1. Because Dr. Fauci is a favorite of many leftist media publications, such as CNN, Defendants stepped in to discredit anyone who would dare criticize Dr. Fauci in any way. Thus, the Darcy Article came about.

It is no coincidence that Mr. Klayman is the founder of both Judicial Watch and Freedom Watch, "conservative public interest groups that hold the leftist media legally accountable with its Leftist Media Strike Force, as well as corrupt government officials, lawyers, and judges…." Comp. ¶ 12.

Mr. Klayman's reputation is therefore of paramount importance, as a public interest attorney advocate and private practitioner. By using their platform to very publicly and very falsely accuse Mr. Klayman of having a history of pushing misinformation and representing conspiracy theorists goes to the heart of Mr. Klayman's trade and profession as a public interest advocate and attorney, as well as a private litigator, as well personally. Such a false accusation, as Mr. Klayman "pushing misinformation" is incredibly damaging, and destroys his ability to act as a public interest advocate and attorney, as well as a private litigator. Furthermore, Defendants' statement is a factual falsehood that permeates Mr. Klayman's entire legal practice and personal reputation. His public interest group, Freedom Watch, Inc., that not only disseminates public interest information but also brings lawsuits and Mr. Klayman's reputation as its chairman and general counsel if paramount for telling and putting forth the truth.

## II. LEGAL ARGUMENT

Defendants Zucker and Darcy's sole argument in their separate motion to dismiss is that the Court lacks personal jurisdiction over them. As shown below, this is not true.

### A. The Court Has Personal Jurisdiction Over Defendants Zucker and Darcy

During the motion to dismiss stage, a plaintiff need only "establish a prima facie case of personal jurisdiction over a nonresident defendant." *S.E.C. v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997) (quoting *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990)). When determining whether a prima facie case has been established, "[t]he district court must accept the

facts alleged in the complaint as true . . . [and] the district court must construe all reasonable inferences in favor of the plaintiff." *Id*. If the defendant sustains its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff can substantiate the jurisdictional allegations in the complaint by affidavits or other evidence. *Future Tech. Today, Inc. v. OSF Healthcare Sys*., 218 F.3d 1247, 1249 (11th Cir. 2000).

"Whether the court has personal jurisdiction over a defendant is government by a two-part analysis." Ver*izon Trademark Servs., LLC v. Producers, Inc*., 810 F. Supp. 2d 1321, 1323-24 (M.D. Fla. 2011). First, the court determines whether the applicable state long-arm statue is satisfied. *Future Tech. Today*, 218 F.3d at 1249. Second, if the state long-arm statute is satisfied, the court analyzes "whether the exercise of jurisdiction over the defendant comports with the Constitution's requirements of due process and traditional notions of fair play and substantial justice." Ver*izon Trademark Servs.,* 810 F. Supp. 2d at 1324.

1. **Florida's Long Arm Statute is Satisfied**

Here , it is clear that Florida's long-arm statute is satisfied. "…[W]hen "the material posted on the website about a Florida resident" is "not only . . . *accessible* in Florida," but has also been "accessed in Florida," then the posting may "constitute the commission of the tortious act of defamation within Florida under section 48.193(1)(b)," Florida's long-arm statute. *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1203 (Fla. 2010)." The Complaint alleged that the Darcy Article was "published in this circuit, nationally, and internationally." Comp. ¶ 8. Thus, it is clear that the Darcy Article was accessed in Florida, thereby satisfying the long-arm statute.[1]

---

[1] Defendants assert that the Complaint does not specifically allege that the Darcy Article was accessed in Florida. This ignores the fact that the Darcy Article was published on CNN, one of the largest news websites in the world. The fact that the Darcy Article was published in this circuit means that it was also accessed in this circuit. However, should the Court find Mr. Klayman's Complaint deficient in this regard, Mr. Klayman respectfully requests leave to amend.

Furthermore, with regard to Defendant Zucker specifically, the Complaint specifically alleges that he:

> caused, directed, and ratified the aforementioned false and defamatory published statements of Defendant Darcy and CNN, as Plaintiff Klayman specifically communicated with him after the defamatory statements were published and demanded that he remove them and issue a public apology to Mr. Klayman and Dr. Mikovits." He, and co-Defendants Darcy and CNN arrogantly and recklessly refused, all in line with their leftist agendas and ideology and anti-Trump hatred. Comp. ¶ 18.

Thus, Defendant Zucker ratified, condoned, and adopted the malicious, false, and defamatory statements pertaining to Mr. Klayman. This was a high-profile matter, involving the COVID-19 pandemic and Dr. Fauci, which means that it is nearly certain that Defendant Zucker was personally involved in the Darcy Article. Indeed, Mr. Klayman contacted the both Defendants Zucker and Darcy prior to filing suit asking them to provide evidence of Mr. Klayman's supposed "misinformation," but Defendants were unable and/or unwilling to provide any credible "misinformation.' <u>Exhibit 1</u>. This further shows that both Defendants Zucker and Darcy were personally involved in the publication of the false, malicious, and defamatory statements.

Accordingly, Defendants Darcy and Zucker are equally responsible for the Darcy Article, which was published, and accessed in Florida, and specifically this judicial circuit. Accordingly, Florida's long-arm statute is satisfied as to both Defendants Darcy and Zucker.

### 2. The Exercise of Personal Jurisdiction Would Not Offend Due Process

With regard to due process, "[a] fundamental element of the specific jurisdiction calculus is that a plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). The Eleventh Circuit has instructed that a court's "inquiry must focus on the direct causal

4

relationship between the defendant, the forum, and the litigation." *Id.* at 1355-56.

Here, the Complaint alleges that Mr. Klayman is a citizen of Florida and a resident of Palm Beach. Comp. ¶ 2. Furthermore, "Defendant CNN is incorporated as a foreign profit corporation in the state of Florida, and has a significant media presence in the state as well as offices and personnel in this circuit, and thus does substantial business in this circuit." Comp. ¶ 2. "Defendant CNN derives significant revenue from its substantial business in this circuit, which is broadcasting and written media which is projected into this circuit and its business reporter [Defendant Darcy] and its president and chief operating officer [Defendant Zucker] also do substantial and regular business in this circuit." Comp. ¶ 3.

Defendants Darcy and Zucker attempt to minimize Mr. Klayman's presence in Florida, by pointing out that his non-profit Freedom Watch, Inc. is incorporated in the District of Columbia.[2] However, this conveniently ignores the fact that his private law practice, Klayman Law Group P.A., is incorporated and headquartered in Boca Raton, FL. *See* Exhibit 2.

It is clear that the Darcy Article was specifically targeted to defame Mr. Klayman, who is indisputably a citizen and resident of Florida, who engages in the practice of law in Florida, and who's private law practice, Klayman Law Group P.A. is incorporated in Florida. Exhibit 2. The defamation in the Darcy Article is specifically calculated to discredit and defame Mr. Klayman has an attorney and advocate, by falsely stating that "he has a history of pushing misinformation and representing conspiracy theorists." In other words, the focus of the defamatory content of the Darcy Article is specifically targeted at Mr. Klayman's practice of law and actions as an advocate in Florida.

Furthermore, based on the facts above, it is also clear that the injury suffered by Mr.

---

[2] Defendants also reference Judicial Watch, which is irrelevant, since Mr. Klayman left Judicial Watch in 2003 to run for U.S. Senate in Florida.

Klayman is primarily in Florida, and specifically Palm Beach County. Florida is his legal community, and where he draws many clients from as well. As just one example, *see Robinson v. JAMS ADR*, 50-2019-CA- 014774 (15th Cir.). Again by specifically defaming Mr. Klayman's representation of clients, and therefore work as an attorney and public interest advocate and private legal practitioner, Defendants Darcy and Zucker knew, or at a minimum should have known, that the harm to Mr. Klayman would occur primarily in Florida.

Lastly, the U.S. Supreme Court case of *Keeton v. Hustler, Inc.,* 465 U.S. 770 (1984), the plaintiff was a resident of New York, who brought a defamation case in New Hampshire against the defendant magazine, which was an Ohio corporation. *Id.* at 772. The only connection that the defendant had to New Hampshire was that the magazine had circulation in New Hampshire. *Id.* The U.S. Supreme Court held that the publisher of a national magazine was subject to jurisdiction in every location in which it was circulated, even if "the bulk of the harm done to petitioner occurred outside [the forum]." *Id*. at 780. In addition, in Keeton, the only connection necessary that the publisher had to the forum state was the circulation and sale of the publication. It is indisputable that the defamatory statements were published in this judicial district, thereby affording the Court personal jurisdiction in this case.

### 3. At a Minimum, Mr. Klayman Must Be Afforded Discovery On the Question of Personal Jurisdiction

As set forth above, When determining whether a prima facie case [of personal jurisdiction] has been established, "[t]he district court must accept the facts alleged in the complaint as true . . . [and] the district court must construe all reasonable inferences in favor of the plaintiff." *S.E.C. v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997).

The Complaint expressly alleges that Defendant Zucker is "on information and belief…a citizen and resident of the state of Florida, and he was born and raised in Homestead, Florida." It

is improper for the Court to simply accept Defendants Zucker and Darcy's representations that they are not "at home" in Florida. Mr. Klayman must be allowed limited discovery in this regard, at a bare minimum. "Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues." *Id*. at n. 13. When a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss." *Vorbe v. Morisseau*, No. 1:14-CV-20751-GOODMAN, 2014 U.S. Dist. LEXIS 111247, at *7-8 (S.D. Fla. Aug. 12, 2014).

### III.  CONCLUSION

Based on the foregoing, Mr. Klayman respectfully requests that Defendants Zucker and Darcy's Motion to Dismiss on the basis of personal jurisdiction be denied, as they have clearly projected themselves into and thus targeted Florida with their tortious conduct, as shown conclusively in the Complaint and above.

Dated: February 25, 2021                                                         Respectfully Submitted,

                                                              */s/ Larry Klayman*
                                                              Larry Klayman, Esq.
                                                              7050 W. Palmetto Park Rd
                                                              Boca Raton, FL, 33433
                                                              Telephone: (561)558-5336
                                                              Email:leklayman@gmail.com

                                                              *Pro Se*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of February, 2021, a true copy of the foregoing was filed via ECF and served to all counsel of record though the Court's ECF system.

*/s/ Larry Klayman*