# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| **LARRY KLAYMAN,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | §     Case No. 9:20-cv-82039-AMC |
| | § |
| **CABLE NEWS NETWORK, INC.;** | § |
| aka CNN; OLIVER DARCY; and | § |
| JEFFREY ZUCKER, | § |
| | § |
| **Defendants.** | § |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
## RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Oliver Darcy and Jeffrey Zucker (the "Individual Defendants") submit this reply in further support of their Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum of Law in Support, ECF No. 5, (the "MTD"), and state as follows:

## I.   INTRODUCTION

This Court should not blindly defer to Plaintiff's incorrect jurisdictional allegations. Rather, the Eleventh Circuit employs a well-settled burden-shifting framework to determine whether the exercise of personal jurisdiction is appropriate. This is for good reason: to require courts to defer to a plaintiff's jurisdictional allegations would threaten to subject defendants to personal jurisdiction in a given forum based only on a plaintiff's bare speculation or false assumptions—not on Defendants' actual contacts with the forum state. Such an approach would be plainly inconsistent with the constitutional requirements of due process. Thus, Courts provide defendants with an opportunity to refute jurisdictional allegations and, once refuted, places the burden back on the plaintiff to establish personal jurisdiction.

In their MTD and accompanying declarations, Individual Defendants refuted Plaintiff's alleged basis for jurisdiction over them by submitting evidence establishing that the exercise of personal jurisdiction would be improper. *See generally* ECF Nos. 5-2 ("Darcy Decl."), 5-3 ("Zucker Decl."). Significantly, Darcy and Zucker both established through their declarations that they do not have any contacts with Florida, nor did they purposefully direct any conduct or otherwise avail themselves of the privilege of conducting activities in the forum state. *See* MTD at 5-6. Even though Plaintiff acknowledges the burden-shifting framework governing a motion to dismiss for lack of personal jurisdiction,[1] Plaintiff's Response wholly disregards it, failing to offer any evidence to controvert the facts set forth in the MTD and the accompanying declarations. Instead, Plaintiff falls back on the unsubstantiated allegations in his Complaint, arguing—despite Defendants' evidence to the contrary—that the Court must nevertheless accept his false jurisdictional claims as true.

In this case, Plaintiff has failed to offer any facts that would establish that jurisdiction is proper over the Individual Defendants. Nor has he demonstrated any legitimate need for jurisdictional discovery: no facts are legitimately in dispute, and Defendants have already provided

---

[1] *See* Pl.'s Opp. to Defs.' Mot. to Dismiss, ECF No. 22, at 3 (citing *Future Tech Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)).

all the Court needs to determine the question of personal jurisdiction in their papers accompanying the MTD. Accordingly, this Court should grant Individual Defendants' MTD.

## II.   ARGUMENT

A. **In the face of controverting evidence, Plaintiff cannot meet his burden of establishing a *prima facie* case of personal jurisdiction simply by referring back to his Complaint.**

The burden of establishing personal jurisdiction over a defendant rests ultimately with the Plaintiff. *S & Davis Int'l, Inc. v. The Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000). In the first instance, courts accept jurisdictional facts as true, but only until they are controverted by the defendant. *Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*, 140 F. Supp. 2d 1325, 1328 (S.D. Fla. 2001) (citations omitted). "Where . . . the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (citation omitted).

Here, Individual Defendants submitted evidence refuting many of the false, conclusory, or speculative jurisdictional allegations in the Complaint. *See generally* Darcy Decl., Zucker Decl. Because they controverted the allegations in the Complaint and confirmed that they have no contacts in Florida and did not purposefully direct any conduct to the state, the burden shifted back to Plaintiff to establish that jurisdiction over Defendants is proper. *See* MTD at 5-6. Plaintiff, however, merely cites back repeatedly to the unsubstantiated allegations in the Complaint and argues that this is sufficient to establish jurisdiction over Defendants. *See, e.g.*, Opp. at 4 ("The Complaint specifically alleges that [Zucker] caused, directed, and ratified the [Article] ... Thus, Defendant Zucker ratified, condoned, and adopted the malicious, false, and defamatory statements pertaining to Mr. Klayman."); Opp. at 5 ("[Defendant Darcy] and [CNN] president and chief operating officer [Defendant Zucker] also do substantial and regular business in this circuit."); Opp. at 6-7 ("The Complaint expressly alleges that Defendant Zucker is 'on information and belief . . . a citizen and resident of the state of Florida, and he was born and raised in Homestead, Florida.'"). But once controverted, these allegations, offered without any factual support, are not entitled to deference and cannot, without more, serve as the basis for personal jurisdiction. *See Bilotta v. Citizens Info. Associates, LLC*, 8:13-CV-2811-T-30TGW, 2014 WL 12614499, at *1

(M.D. Fla. Mar. 13, 2014) (Since the facts stated in the declarations refute the allegations in the Complaint, the Court cannot treat the allegations as true.).

Because Plaintiff has failed to satisfy the burden that shifted to him when Defendants controverted his jurisdictional allegations, this Court should decline to exercise personal jurisdiction over the Individual Defendants and grant the MTD.

**B.** **Plaintiff has not satisfied the requirements of the Florida long-arm statute.**

Plaintiff concedes that for jurisdiction to be proper under the Florida long-arm statute, an allegedly defamatory statement posted online must not only be *accessible* in Florida, but actually *accessed* in Florida. *See* Opp. at 3 (citing *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1203 (Fla. 2010)). As the Supreme Court of Florida clarified in *Internet Solutions*, this is a legally significant distinction. Simply alleging that a defendant posted defamatory material about a Florida resident on a website does not, by itself, constitute the commission of a tortious act within Florida for purposes of the long-arm statute; rather, a plaintiff must allege that the material in question has been actually accessed in Florida. *Id.; see also Miller v. Gizmodo Media Grp., LLC*, 383 F. Supp. 3d 1365, 1372 (S.D. Fla. 2019) (failing to allege that article at issue was actually accessed in Florida grounds for dismissal); *Dean v. Easterling*, No. 3:19-CV-566-J-32JRK, 2020 WL 1665482, at *4 (M.D. Fla. Apr. 3, 2020) (dismissing claims where plaintiff failed "to allege that any specific person or group in Florida viewed the post").[2] But despite his recital of the holding of *Internet Solutions*, Plaintiff ignores this distinction entirely, arguing that that the long-arm statute is satisfied because the Complaint alleges that the Article was published (*i.e.*, accessible) in Florida and therefore, that it must have been accessed within the state. Opp. at 3 n.1 ("The fact that the Darcy Article was published in this circuit means that it was also accessed in this circuit."). This fails to satisfy the long-arm statute, the first and lower bar in the two-step jurisdictional analysis, and dismissal is warranted on this basis alone. *See Miller*, 383 F. Supp. 3d at 1372; *Dean*, 2020 WL 1665482, at *4.

Plaintiff argues that he should be permitted to replead to correct his deficient pleading. But as the Individual Defendants have demonstrated, personal jurisdiction over them is improper for a

---

[2] Although Plaintiff provided an affidavit in support of his Opposition, he did not attempt to cure his defective pleading by alleging that he, or anyone else, accessed the Article in Florida. *See* ECF No. 22-1.

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO RULE 12(b)(2)**
**MOTION TO DISMISS FOR PERSONAL JURISDICTION**                      Page 3

variety of reasons and amendment would be futile. Thus, leave to amend is inappropriate.[3] *See DW by & through CW v. Carnival Corp.*, 17-20115-CIV, 2017 WL 10966006, at *2 (S.D. Fla. Aug. 1, 2017) ("The law in the Eleventh Circuit is clear that a plaintiff may be properly denied leave to amend a complaint due to futility.").

With respect to Defendant Zucker specifically, Plaintiff has failed to allege any conduct in the forum state, much less any conduct that would constitute the commission of a tort, in the State of Florida. *See* FLA. STAT. § 48.193(1)(a)(2). As set forth in the MTD, Zucker did not publish any of the allegedly defamatory statements, nor did he have any involvement in the research or drafting of the Article. *See* Mot. to Dismiss at 5; Zucker Decl., ECF No. 5-3, at ¶ 8. Instead, Plaintiff merely speculates that because the Article was about a "high-profile matter," Zucker must have "ratified, condoned, or adopted" the content of the Article.[4] Opp. at 4. Setting aside whether Plaintiff's "ratification" is legally sufficient to state a claim for defamation (it is not),[5] Plaintiff has failed to establish that such conduct constitutes the commission of a tort in Florida for purposes of the long-arm statute.

Plaintiff tries to claim that Individual Defendants' *inaction*—namely, his failure to respond to Plaintiff's email—is sufficient to serve as a basis for jurisdiction.[6] Plaintiff cites no authority, and Defendants are aware of none, that would justify a finding that a non-resident defendant's inaction constitutes the commission of a tortious act in the state of Florida. *Accord Gibson v. Soc.*

---

[3] Moreover, even if amendment were appropriate, Plaintiff has failed to adequately request leave to replead. "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) (holding that plaintiffs were not wrongfully denied leave to amend where the plaintiffs' request was included in their response to a motion to dismiss).

[4] Of course, many of the news stories CNN publishes relate to "high-profile" matters—hence CNN's coverage of them. Plaintiff offers no evidence to suggest that Defendant Zucker was any more involved in this story than in any other story CNN has published, and Defendant Zucker has affirmatively refuted any involvement in the research or writing of the Article. *See* Zucker Decl., ECF No. 5-3, at ¶ 8.

[5] *See* Reply in Support of Defs.' 12(b)(6) Mot. to Dismiss, Sec. II., D. 1; *Corsi v. Newsmax Media, Inc.*, 20-CV-81396-RAR, 2021 WL 626855, at *7 (S.D. Fla. Feb. 12, 2021).

[6] Plaintiff also argues that Individual Defendants' lack of response to Plaintiff's email proves that "both Defendants Zucker and Darcy were personally involved" in the publication of the Article. Opp. at 4. This is a *non-sequitur*: Individual Defendants' failure to respond to an email does not establish anything regarding their individual involvement in the publication of the Article.

*Knowledge, LLC*, No. 3:12-CV-260, 2012 WL 3202404, at *4 (W.D.N.C. Aug. 3, 2012) (declining to exercise personal jurisdiction over defamation defendants based on defendants' failure to remove certain allegedly defamatory statements, because "inaction . . . cannot rise to the level of purposeful availment necessary to establish personal jurisdiction over Defendant"). Accordingly, Plaintiff has not satisfied his burden of showing that the long-arm statute is met.

**C. Exercising personal jurisdiction over the Individual Defendants would conflict with due process.**

Even if this Court were to determine that Plaintiff had or could satisfy the Florida long-arm statute, Plaintiff must also establish that the exercise of personal jurisdiction over the Individual Defendants would be constitutionally permissible under the due process clause. Here, Plaintiff has not satisfied this burden, and Darcy and Zucker have both controverted any allegations that would render personal jurisdiction over them appropriate.

1. Individual Defendants' contacts with the forum are what matter for personal jurisdiction—not Plaintiff's, not Plaintiff's law firm's, and not CNN's.

Once again, Plaintiff articulates the correct standard but proceeds to ignore it. He cites *Louis Vuitton Malletier, S.A. v. Mosseri*, noting that due process requires that "a plaintiff's claim must arise out of or relate to at least one of the *defendant's* contacts with the forum," and that "a court's 'inquiry must focus on the direct causal relationship between *the defendant, the forum, and the litigation*.'" Opp. at 4-5 (citing *Louis Vuitton*, 736 F.3d at 1355-56) (emphasis added). Plaintiff then proceeds to argue at length about how his own (or his firm's)[7] relationship to the forum is sufficient to serve as a basis for personal jurisdiction. Opp. at 5-6. As Plaintiff's own brief notes, this is not the correct analysis: it is the Defendants' contacts with the forum that count, not the Plaintiff's. *See* Opp. at 4-5 (citing *Louis Vuitton*, 736 F.3d at 1355-56).

Nor are CNN's contacts with the forum relevant for purposes of the Individual Defendants' MTD. Plaintiff argues that this Court should exercise jurisdiction over the Individual Defendants based on their employers' contacts with the forum, noting that "Defendant CNN is incorporated as a foreign profit corporation in the state of Florida, and has a significant media presence in the state as well as offices and personnel in this circuit, and thus does substantial business in this

---

[7] Plaintiff's law firm is not a party to this litigation and, as such, its contacts are far outside the bounds of relevancy.

circuit." Opp. at 5 (citing Compl. ¶ 2). Setting aside that Plaintiff's jurisdictional arguments are incorrect as they relate to CNN, these allegations are wholly irrelevant as they relate to the moving Individual Defendants, of which CNN is not one. A party's contacts with a forum state must be assessed individually and cannot be judged according to his or her employer's activities in that state. *See Calder v. Jones*, 465 U.S. 783, 789 (1984).

    2.   <u>Individual Defendants could not have reasonably anticipated being sued in Florida.</u>

The crux of the due process analysis for personal jurisdiction hinges on whether a defendant's contacts with the forum are sufficient to allow a defendant to reasonably anticipate being haled into court in the forum. *Miller*, 383 F. Supp. 3d at 1374 (quoting *Louis Vuitton*, 736 F.3d at 1357). Here, neither Darcy nor Zucker had any contacts with Florida, nor could they have reasonably expected to have been sued in Florida. *See* Darcy Decl. ¶¶ 4-11; Zucker Decl. ¶¶ 4-8. As set forth in Defendants' MTD, the Article focused on a controversy with no discernible connection to Florida, and there was no "Florida focus" that could serve as a basis for finding personal jurisdiction. *See id*.

Furthermore, even assuming Plaintiff is a Florida resident (an issue Defendants do not concede),[8] Plaintiff has not established that Defendants targeted any tortious activity toward the forum state that would render the exercise of jurisdiction over them consistent with due process. The fact that an allegedly defamatory article was published nationwide—and as a result, that some of the allegedly defamatory statements might reach an audience in the forum state—is not sufficient to establish personal jurisdiction, unless a defendant targeted or otherwise aimed the conduct at the forum state. *See Madara v. Hall*, 916 F.2d 1510, 1519 (11th Cir. 1990) ("[T]he defendant's mere awareness that some of its products would eventually enter the forum state was not enough to support the exercise of personal jurisdiction."); *Sovereign Offshore Servs., LLC v. Shames*, No. 17-cv-80172, 2017 WL 7798664, at *3 n.4 (S.D. Fla. Aug. 3, 2017) ("Defendant's awareness that consumers across the nation may access his . . . [reporting] is not enough to support the exercise of personal jurisdiction.").

---

[8] Plaintiff also appears to claim elsewhere that he is based in Beverly Hills, California, and Washington, D.C. *See generally* Declaration of Wesley D. Lewis ("Lewis Decl.") and accompanying exhibits (attaching materials in which Plaintiff indicates that he is based in Beverly Hills, California, and Washington, D.C.), attached as **Exhibit 1** to this reply.

Additionally, as numerous federal courts of appeals have confirmed, exercise of personal jurisdiction over a defendant is improper where the defendant has no knowledge of the forum in which the plaintiff will feel the brunt of the alleged harm. *See* Darcy Decl. ¶ 12*; see, e.g., Revell v. Lidov*, 317 F.3d 467, 475-76 (5th Cir. 2002) ("The defendant must be chargeable with knowledge of the forum at which his conduct is directed in order to reasonably anticipate being haled into court in that forum, as *Calder* itself and numerous cases from other circuits applying *Calder* confirm."); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (stating that *Calder* requires that "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant *knows to be a resident of the forum state*." (emphasis added)); *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998) ("[T]he plaintiff must show that the defendant *knew* that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant *expressly aimed its tortious conduct at the forum*." (emphasis added)). Here, such knowledge is lacking. As Defendant Darcy testified in his declaration, he did not know Plaintiff was a resident of Florida and believed he was based in Washington, D.C. because he obtained Plaintiff's email from his website, which lists Washington, D.C. as the location of his firm. Darcy Decl. ¶ 11. Moreover, Plaintiff's Florida Bar registration indicates that his primary place of business is Washington, D.C. *See* Lewis Decl. at Ex. A (printout of Larry Klayman's State Bar of Florida information).[9] Through his Washington, D.C.-based law firm,[10] Klayman Law, P.A., Plaintiff litigates across the country.[11] The very lawsuit that the Article incorporated to substantiate the allegedly defamatory statement is not a Florida lawsuit, but a lawsuit in which Mr. Klayman represented himself in Washington, D.C. federal court. Given the foregoing, the Individual Defendants did not have any contacts with the forum state, much less contacts sufficient to allow them to reasonably anticipate being sued in Florida over the Article, nor did they expressly aim conduct at Florida or believe Plaintiff resided there.

---

[9] Plaintiff's LinkedIn page states that he is based in Beverly Hills, California. *See* Lewis Decl., Ex. B (printout of Larry Klayman's LinkedIn page).
[10] Lewis Decl., Ex. C (Klayman Law, P.A.'s website, showing a Washington, D.C. main address).
[11] Based on a report compiled through the service Thompson Reuters Monitor Suite, fewer than 20 percent of the lawsuits Plaintiff has litigated over the last five years have been in Florida state court, Florida federal court, or the Eleventh Circuit. *See* Lewis Decl., Ex. D.

### D.     **Plaintiff's reliance on *Keeton v. Hustler* is misplaced.**

Plaintiff relies on *Keeton v. Hustler Magazine, Inc.* to argue that a defendant newspaper may be subject to jurisdiction in every location in which it is in circulation. *See* Opp. at 6 (citing *Keeton v. Hustler, Inc.*, 465 U.S. 770 (1984). But the holding in *Keeton* is inapposite, and the facts are highly distinguishable from the facts of this case.

First, the Court in *Keeton* concluded that jurisdiction was proper over the Defendant publication, *Hustler Magazine*, because the magazine "continuously and deliberately exploited the New Hampshire market," and therefore it could have "reasonably anticipate[d] being haled into court there in a libel action based on the contents of its magazine." 465 U.S. at 781. Here, CNN is not a movant—and has conceded personal jurisdiction for the purposes of this lawsuit—so whether personal jurisdiction over CNN based on the reach of its news website is not relevant for purposes of deciding the instant motion. *Calder*, 465 U.S. at 789 ("Each defendant's contacts with the forum State must be assessed individually."). Thus, the Court should consider only whether the Individual Defendants purposefully availed themselves of the privilege of conducting activities in the forum state. *See Madara v. Hall*, 916 F.2d 1510, 1518 (11th Cir. 1990) (considering the individual defendant separately from the magazine that published his allegedly defamatory statement and rejecting argument that *Keeton* controlled).

This case is more like *Miller v. Gizmodo*, which distinguished itself from *Keeton* and expressly rejected an argument almost identical to the one Plaintiff now makes. In *Miller*, the Court ultimately concluded that an individual's contacts with Florida did not rise to *Hustler's* contacts with the forum despite awareness that several copies of the allegedly defamatory statement might find their way to Florida. *Miller*, 383 F. Supp. 3d at 1374; *see also Madara*, 916 F.2d at 1518 (holding that *Keeton* does not govern in a libel suit against an individual defendant where the individual defendant did not deliberately exploit the market, as opposed to the publication in which the allegedly defamatory article appeared).

More importantly, *Keeton* and its companion case, *Calder v. Jones*, were decided more than 35 years ago. Since that time, there have been significant development and clarification of the law of personal jurisdiction. *See, e.g.*, *Walden v. Fiore*, 571 U.S. 277, 286 (2014). In *Walden*, the

Supreme Court clarified that *Calder* held that personal jurisdiction was appropriate because defendants' "expressly aimed" "their intentional, and allegedly tortious, actions" at the forum state); s*ee also Janus v. Freeman*, No. 19-55199 2020 WL 7663439 (9th Cir. Dec. 24, 2020) (rejecting argument that defamatory conduct "knowingly directed at a forum resident satisfies the minimum contacts test" as an overstatement of the holding of *Calder*, as clarified by *Walden v. Fiore*). Here, as indicated in Defendants' declarations and the motions to dismiss, neither of the Individual Defendants expressly aimed or otherwise directed any allegedly tortious actions at the forum state. *See* Darcy Decl. at ¶¶ 10-11; Zucker Decl. ¶ 8.

Moreover, *Keeton* and *Calder* pre-date the advent of internet publication and have required additional clarification considering this technological shift. The ubiquity of the internet has made online publication "peculiarly non-territorial"; as a result, courts "are to examine whether the defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011) ("[M]erely posting information on the internet does not, in itself, subject the poster to personal jurisdiction wherever that information may be accessed. ... Rather, ... postings may give rise to personal jurisdiction if they are directed specifically at a forum state audience or otherwise make the forum state the focal point of the message"); *see also Estes v. Rodin,* 259 So. 3d 183, 197 (Fla. Dist. Ct. App. 2018) (posting allegedly defamatory statement on social media site was insufficient to satisfy traditional purposeful availment analysis under *Calder* as clarified by *Walden v. Fiore*).

Here, Plaintiff has offered no evidence to suggest that any of Individual Defendants' contacts were deliberately or specifically directed at Florida and, indeed, moving Defendants provided evidence to controvert such a finding. *See* Darcy Decl. ¶¶ 10-11; Zucker Decl. ¶ 8. Accordingly, Plaintiff has failed to meet his burden of establishing that personal jurisdiction over the Individual Defendants is proper, and this Court should dismiss the claims against the Individual Defendants accordingly.

E.     **Jurisdictional discovery is unnecessary and inappropriate**.

Plaintiff has not raised a legitimate fact question necessitating jurisdictional discovery. To the contrary, unable to support his unsubstantiated and false allegations, Plaintiff seeks to go on an inappropriate fishing expedition. *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th

Cir. 2017) (discovery requests should not serve as fishing expeditions in jurisdictional challenges). As such, Plaintiff's request for discovery should be denied.

The court in *Posner v. Essex Ins. Co.*, rejected jurisdictional discovery when, as here, the defendant challenged plaintiff's jurisdictional allegations with an affidavit, and plaintiffs did not produce any evidence to contradict the affidavit. 178 F.3d 1209, 1214 (11th Cir. 1999). The *Posner* court explained, the right to jurisdictional discovery is a qualified one, *id.* n.7, available only "when a court's jurisdiction is genuinely in dispute." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017); *see also RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014) (no jurisdictional discovery when "[t]he resolution of the jurisdictional question in this case does not require any additional findings of fact").

Plaintiff argues that he is entitled to discovery merely because Zucker's declaration contradicts the Complaint's allegations—made "on information and belief"—regarding Zucker's citizenship and residence. But these facts are not in dispute: Zucker's declaration establishes his residency in New York and that he is not a citizen of Florida. *See* Dkt. 5-3 ¶¶ 3-4. Plaintiff offers no evidence to the contrary and has not established any reason why discovery would rebut the declarations. Plaintiff's request is improper and should be denied.[12]

### III.   CONCLUSION AND PRAYER

Plaintiff has failed to meet his burden of establishing that personal jurisdiction over the Individual Defendants is appropriate or constitutionally permissible. Accordingly, the Individual Defendants respectfully request that this Court grant their Motion to Dismiss for lack of personal jurisdiction.

---

[12] Furthermore, the case that Plaintiff relies on, *Vorbe v. Morisseau,* does not support his request. No. 1:14-CV-20751, 2014 WL 3928554, at *3 (S.D. Fla. Aug. 12, 2014). In that case, the court allowed jurisdictional discovery when plaintiffs "pinpointed four specific types of limited discovery" related to the defendant's purposeful targeting of the forum through its website. Further, the court noted that it had granted defendant leave to file a late reply with an affidavit as to jurisdiction when defendant failed to file an affidavit with its motion. *Id.* at *4. By contrast, here, Plaintiff has not specified what discovery he seeks, and the Individual Defendants promptly submitted a motion to dismiss and evidence challenging Plaintiff's jurisdictional allegations. Thus, *Vorbe* is inapposite.

Date:  March 24, 2021.

                    Respectfully submitted,

                    By:  */s/ Dana McElroy*
                    Dana J. McElroy
                    **THOMAS & LOCICERO, PL**
                    915 Middle River Drive, Suite 309
                    Fort Lauderdale, Florida 33304
                    dmcelroy@tlolawfirm.com
                    Telephone: (954) 703-3416
                    Telecopier: (954) 400-5415

                    Laura Lee Prather
                    laura.prather@haynesboone.com
                    Wesley D. Lewis
                    wesley.lewis@haynesboone.com
                    **HAYNES AND BOONE, LLP**
                    600 Congress Avenue, Suite 1300
                    Austin, Texas 78701
                    Telephone: (512) 867-8400
                    Telecopier: (512) 867-8470

                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **24th** day of **March, 2021,** I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

                    By:  */s/ Dana J. McElroy*