**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| **LARRY KLAYMAN,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 9:20-cv-82039-AMC** |
| | § | |
| **CABLE NEWS NETWORK, INC.,** | § | |
| **aka CNN; OLIVER DARCY; and** | § | |
| **JEFFREY ZUCKER,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**<u>DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO</u>**
**<u>DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS</u>**

## I.  INTRODUCTION

Plaintiff Larry Klayman ("Plaintiff") claims to be the victim of a conspiracy to falsely portray him as a "right-wing lawyer" with "a history of pushing misinformation and representing conspiracy theorists" (the "Statement").[1] *See* Compl. ¶ 8. But the only person who bears responsibility for creating and promoting that impression is the Plaintiff himself.

Although this Court must take all factual allegations as true and all *reasonable* inferences must be drawn in favor of the non-moving party, *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009), this Court should not accept Plaintiff's bald speculation and unfounded conjecture as fact. *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). And after removing the impermissibly speculative or conclusory allegations that serve as the foundation of his Complaint, Plaintiff simply has not alleged that the Statement is defamatory. Accordingly, this Court should grant Defendants' Rule 12(b)(6) Motion to Dismiss, ECF No. 6, (the "MTD").

## II.  ARGUMENT

### A.    The Statement is nonactionable pure opinion.

Statements of opinion about matters of public concern are not actionable where they cannot be proven false. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990); *see also Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (defamation claim based on subjective assessment of plaintiff's conduct as "homophobic taunting" was nonactionable because it was "not readily capable of being proven true or false"). As set out in Defendants' MTD, courts in Florida and across the country have found that subjective characterizations, like the entire Statement at issue here, are not actionable because they consist of concepts or labels not susceptible to proof of truth or falsity. *See, e.g., Pullum v. Johnson*, 647 So. 2d 254, (Fla. Dist. Ct. App. 1994) (description of plaintiff as a "drug pusher" in the context of a public political debate was nonactionable opinion); *Buckley v. Littell*, 539 F.2d 882, 893-94 (2d Cir. 1976) (holding that referring to someone as a "fellow traveler" of "fascism" or the "radical right" was not actionable because they were

---

[1] In their MTD, Defendants clarified that the Florida retraction statute, Florida Statute § 770.01, limits the scope of Plaintiff's claim to include only the Statement. *See* MTD at 9-10. Plaintiff's Response did not address this point, rendering any argument to the contrary implicitly abandoned. *See GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 (S.D. Fla. 2017) ("When a party fails to respond to an argument . . . in a responsive brief, such argument or claim can be deemed abandoned."); *see also Jones v. Bank of Am., N.A.*, 564 F. Appx. 432, 434 (11th Cir. 2014).

"concepts whose content is so debatable, loose, and varying, that they are insusceptible to proof of truth or falsity"); *Ollman v. Evans*, 750 F.2d 970, 979-87 (D.C. Cir. 1984) (*en banc*) (holding that a statement that plaintiff was an "outspoken proponent of political Marxism" was not provable as false). In his Response in Opposition to the MTD, Plaintiff did not contest or otherwise respond to Defendants' argument that the subjective nature of the entire Statement renders it nonactionable opinion. *See* Resp. to MTD, ECF No. 23 ("Opp.").

Additionally, in the MTD, Defendants established that the Statement in the July 24, 2020 article at issue (the "Article") qualifies as nonactionable "pure opinion" under Florida law because it "makes a comment or opinion based on facts which are set forth in the publication or which are otherwise known or available to the reader or listener as a member of the public." MTD at 10-12 (quoting *Turner*, 879 F.3d at 1262) (holding that defendants' statement that plaintiff engaged in "homophobic taunting" was nonactionable pure opinion)). In response, Plaintiff discusses the distinction between statements of "pure opinion" on one hand, which are not actionable, and those that imply undisclosed false facts, on the other hand, which can be actionable. Opp. at 4. Defendants do not dispute this distinction as a legal matter. But, Defendants do dispute that the Statement at issue is actionable. MTD at 9-10.

The Statement is pure opinion under Florida law because the Article sets forth the facts that form the basis of Defendants' opinion. *See Turner*, 879 F.3d at 1262. Specifically, the Statement includes a hyperlink to a *Washington Post* article, which highlights a prior lawsuit Plaintiff filed against the federal government alleging that the Obama Administration allowed Ebola into the country to advance the interests of Islamic terrorists. *See* ECF 6-1 at 1. The *Washington Post* article also chronicles Plaintiff's extensive track record of filing lawsuits based on conspiracy theories. *See id.* Additionally, many of the facts upon which Defendants relied are readily accessible to the public through a variety of public filings set forth in the MTD. *See Hay v. Independent Newspapers, Inc.*, 450 So. 2d 293 (Fla. Dist. Ct. App. 1984) (statement of opinion was nonactionable pure opinion where it was based in part on publicly available court filings).

Plaintiff does not even try to identify any undisclosed false facts that might serve as the basis for a defamation claim. Instead, Plaintiff simply quotes *Barnes v. Horan* and moves on. *See* Opp. at 4. But *Barnes* is readily distinguishable. In it, the defendants took out a political advertisement criticizing Plaintiff Barnes two days before a contested election in which Barnes was a candidate. 841 So. 2d 472, 473-74 (Fla. Dist. Ct. App. 2002). The advertisement made

detailed allegations about liabilities Barnes disclosed in a public financial disclosure, suggesting both that Barnes irresponsibly managed his money and misled the public on the disclosure. *Id.* The advertisement also argued that others, including Barnes's former co-workers, found him to be untrustworthy and that Barnes's conduct as a practicing attorney had earned him disdain. *Id.* at 474-75. The Court held that these specific accusations, "give[] the impression of undisclosed facts,"—for example, facts from third parties about their poor personal and/or professional opinion of Barnes—and therefore were actionable. *Id.* at 477.

No similar impression of insider knowledge exists here, where Defendants directed readers to the very basis for the opinion stated in the Article, other corroborating evidence is available as a matter of public record, and nothing suggests Defendants' reliance on any "insider knowledge" or non-public facts. *See* MTD at 12. Instead, this case is more like *Parekh v. CBS Corp.*, 820 F. App'x 827, 836 (11th Cir. 2020) (affirming dismissal for failure to state a claim), in which the allegedly defamatory statement at issue accused plaintiff of engaging in a "scam," or *Montgomery v. Risen*,[2] which centered around allegedly defamatory statements about a plaintiff being a "con man" who perpetrated a "hoax." 197 F. Supp. 3d 219, 249 (D.D.C. 2016). In both of those cases, the Court granted dispositive motions concluding that the allegedly defamatory statements were opinion and therefore not actionable. Likewise, in *Hay v. Independent Newspapers, Inc.*, 450 So. 2d 293, 295 (Fla. Dist. Ct. App. 1984), the Second District Court of Appeals affirmed a trial court judgment dismissing a defamation action arising from statements that the Plaintiff was a "crook" and a "criminal" where such statements "were based in part upon facts disclosed in the article, [and] the fact that criminal charges had been filed against the appellant was either known or readily available to the reader as a member of the public." *Id.* Similarly here, Defendants' statements are both based on facts disclosed in the article, as well as public filings readily available to members of the public, which Defendants cite in their MTD. *See* MTD at 12. For this reason, the Statement is "pure opinion," and this Court should dismiss Plaintiff's Complaint. *Hay*, 450 So. 2d at 295.

**B.    The Statement at issue is substantially true as a matter of law.**

As described above and set forth more fully in the MTD, the Statement is not actionable as a matter of law because it is a statement of pure opinion and not susceptible to being proven true or false. *See* Section II.A, *supra*, and MTD at 10-12. This Court can conclude its analysis there

---

[2] Mr. Klayman represented the plaintiff, Dennis Montgomery, in that case.

and grant Defendants' motion on this basis alone. *See Parekh v. CBS Corp.*, 820 F. App'x 827, 836 (11th Cir. 2020). However, should this Court determine that the Statement is not opinion, Plaintiff still has failed to plausibly allege defamation because even if the Statement were susceptible to being proven true or false, it would be substantially true as a matter of law. Defendants justifiably characterize Plaintiff as a "right-wing lawyer" with a "history of pushing misinformation and representing conspiracy theorists." This can be corroborated by Plaintiff's own Complaint, the materials incorporated by reference therein, and information of which the Court may take judicial notice—all of which the Court may consider on a motion to dismiss in determining whether the Statement is substantially true. *See U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 (11th Cir. 2015); *Horsely v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

First, that Plaintiff is "a right-wing lawyer" has been so thoroughly established that it strains credulity that Plaintiff would now contest that incontrovertible characterization. Even in the Complaint, Plaintiff alleges that he founded "conservative public interest groups" and is part of a "Leftist Media Strike Force" whose purpose is to destroy what he perceives as the "leftist" media. Compl. ¶ 12. Second, Plaintiff has a "history of pushing misinformation," as demonstrated by the hyperlinked *Washington Post* article cited by CNN as well as publicly filed documents, of which this Court is entitled to consider on a motion to dismiss.[3] In lawsuits filed across the country, Plaintiff has espoused and promoted a variety of conspiracy theories—including, for example, theories that then-President Obama conspired to assault him in the airport,[4] that Hillary Clinton was secretly responsible for the 2012 terrorist attack on a U.S. diplomatic compound in Benghazi, Libya,[5] and that the Obama Administration purposefully allowed Ebola into the country to support Islamic terrorism.[6] ECF 6-1, at 2. Finally, the Complaint itself confirms that Plaintiff "represent[s] conspiracy theorists." The Complaint attaches a declaration from Plaintiff's client, Mikovits, in which she theorizes that Dr. Fauci and a secret cabal created the COVID-19 pandemic and engaged in a "conspiracy" to delay treatment for personal gain. Compl. Ex. 1, at 23; *see also Montgomery v. Risen, et al.*, Civil Action No. 16-0126 (RC) (D.D.C. Jan. 27, 2016) (representing developer of discredited technology that purportedly detected secret terrorist messages in television broadcasts).

---

[3] *See U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015).
[4] *Klayman v. Obama*, No. 2:17-cv-00836 (C.D. Cal. Feb. 2, 2017).
[5] *Smith, et al. v. Clinton, et al.*, No. 1:16-cv-01606-ABJ (D.D.C. Aug. 8, 2016).
[6] *Klayman v. Obama, et al.*, No. 1:14-cv-01704-KBJ (D.D.C. Oct. 13, 2014).

In his Response, Plaintiff suggests (1) that he is not "right wing" because once he sued an ostensibly conservative group, and (2) that he does not have a "history of pushing information" or "representing conspiracy theorists" because he was involved in a case that successfully enjoined National Security Agency surveillance practices. Opp. at 8. But these isolated counterexamples do not disprove the Statement: at best, they set forth potential exceptions to the general rule. *See* MTD at 3 (setting forth cases in which Klayman or his clients advanced conspiracy theories). Furthermore, under the substantial truth doctrine, a contested statement need not be "perfectly accurate," so long as the "gist" is true. *See Woodard v. Sunbeam Television Corp.*, 616 So. 2d 501, 502-03 (Fla. Dist. Ct. App. 1993) (defendants' reporting was substantially true despite minor inaccuracy where the inaccuracy did not affect the "gist" of the story). Based on the ample body of proof that Plaintiff has provided himself or of which the Court may take judicial notice, if not found to be opinion, the Statement is substantially true.

**C.** **Plaintiff's Complaint must be dismissed for the independent reason that he has not alleged actual malice.**

1.    Plaintiff is a public figure.

As set forth in the MTD, Plaintiff's own Complaint alleges facts sufficient to establish that he is a public figure for the purposes of this litigation. Plaintiff alleges that he is a nationally syndicated radio personality, author, columnist, public interest and private lawyer, and founder of conservative public interest groups. *See* Compl. ¶¶ 4, 12, 15. Thus, accepting the truth of Plaintiff's allegations in the Complaint for purposes of deciding this motion, this Court may readily conclude that Plaintiff is a public figure. *See Corsi v. Newsmax Media, Inc.*, No. 20-CV-81396-RAR, __ F. Supp. 3d __, 2021 WL 626855, at *7 (S.D. Fla. Feb. 12, 2021) (holding there is "no question" that the plaintiff, an author and political commentator, is a public figure). Further, this Court may take judicial notice of the extensive publicly available media coverage that is detailed in the MTD showing the vast media attention Plaintiff receives in his mission "to hold the leftist media legally accountable," including his own promotion of this very lawsuit on his podcast.[7] Compl. ¶ 12; *see Turner*, 879 F.3d at 1272 n.5. It strains credulity to argue that Plaintiff is not a public figure, particularly when he deliberately inserted himself into a nationwide controversy by sitting down

---

[7] *See* Freedom Watch, *CNN Sued Over COVID-19 and Fauci Cover-Up! 'Sue Baby Sue!' Join COVID Class Action!*, YOUTUBE.COM (Jul. 28, 2020), https://youtu.be/JifmfTMz4pw. *See also* MTD, ECF 6, at 3-4, 6, 14-16; ECF 6-2, 23-25.

for an interview about that controversy on a nationally syndicated television show. *See Berisha v. Lawson*, 973 F.3d 1304, 1310 (11th Cir. 2020) (noting that public figures usually have greater access to the media and voluntarily expose themselves to increased risk of criticism).

Plaintiff encourages this Court to isolate the Statement from the rest of the Article. *See* Opp. at 4. But that is not an accurate analysis of the relevant public controversy at issue in this case. *See* Opp. 4-5. In determining whether a plaintiff is a public figure, a court must consider the context of the whole public controversy and the plaintiff's role in it, not just the parties' isolated dispute about whether a particular statement is defamatory. *See Turner*, 879 F.3d at 1272-73 (finding plaintiff a public figure where alleged defamation pertained to a broader "public controversy" in which plaintiff played a central role). Here, the relevant "public controversy" is Plaintiff and Dr. Mikovits's allegations that Dr. Fauci is responsible for the COVID-19 pandemic as part of a global criminal conspiracy and their interview with Eric Bolling to discuss those allegations. By appearing on a nationally syndicated television show to promote their "Plandemic" conspiracy theory, Plaintiff played a central role in a significant public controversy, and CNN's reporting was germane to Plaintiff's role in that conspiracy. Accordingly, this Court may readily conclude that Plaintiff was a limited-purpose public figure for purposes of this lawsuit.[8] *See id.*

2.   <u>Plaintiff has not alleged actual malice.</u>

Plaintiff's threadbare recitals of the elements of actual malice (Opp. at 5 (citing Compl. ¶ 21)) do not satisfy the pleading standards set forth in *Iqbal* and *Twombly* and must be disregarded. *See Turner*, 879 F.3d at 1273 (applying *Twombly/Iqbal* plausibility standard and affirming dismissal of defamation claim based on failure to allege actual malice); *Corsi*, 2021 WL 626855, at *8 (S.D. Fla. Feb. 12, 2021) (citing *Iqbal* and holding that Plaintiff's conclusory allegation of actual malice should be disregarded). Plaintiff instead must plead facts that give rise to a reasonable inference that Defendants published the Statement knowing that it was false or with reckless disregard for whether it was false or not. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964). Plaintiff claims that he met this burden because (1) Defendants were "unable

---

[8] Furthermore, prior rulings from this Court have found Plaintiff to be a public figure based on his "notoriety and high-profile work in the public realm," *Klayman v. Jud. Watch, Inc.*, 22 F. Supp. 3d 1240, 1244 (S.D. Fla. 2014), *aff'd* (Feb. 17, 2015), and Plaintiff has previously conceded his public figure status in several other cases. *See, e.g.*, *Klayman v. City Pages*, No. 5:13-CV-143-OC-22PRL, 2015 WL 1546173, at *13 (M.D. Fla. Apr. 3, 2015), *aff'd*, 650 F. App'x 744 (11th Cir. 2016). The Court should similarly find him to be a public figure in this litigation.

and/or unwilling" to provide "evidence" of Plaintiff's "misinformation," (2) Defendants did not retract the Statement based on Plaintiff's retraction demand, and (3) Defendants "failed to do even basic fact checking" and therefore acted with a reckless disregard for the truth. *See* Opp. at 6-7. But these allegations are insufficient to establish actual malice as a matter of law.

First, Plaintiff points to Defendants' refusal to supply Plaintiff with evidence in support of the Statement upon demand as evidence of actual malice. But CNN did provide evidence in support of its position. As discussed above, the Article itself provided a strong factual basis for the Statement through the materials incorporated by hyperlink into the Article. *See* ECF 6-1 at 1. Additionally, counsel for CNN's responded to Plaintiff's retraction demand setting forth the factual basis for its decision to stand by its original reporting. ECF 6-2 at 12-44.

Second, Defendants' decision not to retract the Statement is not evidence of actual malice. "It is [] clear the failure to retract or correct a falsehood does not prove actual malice." *Hunt v. Liberty Lobby*, 720 F.2d 631, 643 (11th Cir. 1983); *see also Sullivan*, 376 U.S. at 286 ("[F]ailure to retract upon respondent's demand . . . [is] not adequate evidence of malice for constitutional purposes.").[9] Indeed, publishers may stand behind their story, as Defendants have, when they believe it is true; thus, a refusal to accede to a retraction request is not sufficient to allege actual malice. Plaintiff should be well aware of this, having been previously advised of it by another district court. In *Klayman v. City Pages*, Klayman was told "the fact that [he] alerted Defendants after publication that he believed the statements were false and that he wanted some kind of correction or retraction does not help Plaintiff to establish actual malice." *See* 2015 WL 1546173, at *15. He has chosen to ignore this admonishment.

Third, Plaintiff's argument that Defendants ignored certain "matter[s] of public record" and failed to properly analyze certain information or perform "basic fact checking" similarly fails to give rise to an inference of actual malice. *Turner*, 879 F.3d at 1274; *Michel*, 816 F.3d at 705 (allegation of defendants' failure to investigate, by itself, is not sufficient to give rise to a reasonable inference of actual malice). CNN did conduct fact checking and complied with

---

[9] Plaintiff improperly cites *Tavoulareas v. Piro*, 817 F.2d 762 (D.C. Cir. 1987) for the proposition that refusal to retract can be evidence of actual malice. In *Tavoulareas*, the plaintiff argued that defendants' refusal to retract the story or concede its falsity showed actual malice; however, the D.C. Circuit rejected this argument. *Id.* at 793-94. The court found that the article was substantially true and that the defendants did not act with actual malice. *Id.*

journalistic best practices, including by seeking comment from Plaintiff. *See* ECF No. 6-2 at 14. But even if CNN had not, "failure to investigate does not give rise to a finding of actual malice." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 704 (11th Cir. 2016). "[T]he Supreme Court has made clear that even an extreme departure from professional standards, without more, will not support a finding of actual malice." *Klayman*, 2015 WL 1546173 at *16 (citing *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 65 (1989)). Rather, Plaintiff must plead facts giving rise to a reasonable inference that the defendants "acted to intentionally avoid learning the truth," *Michel*, 816 F.3d at 704, and "actually entertained serious doubts as to the veracity of the published account, or [were] highly aware that the account was probably false," *Turner*, 879 F.3d at 1273-74 (allegations that defendants were aware of information that would have portrayed plaintiff in a better light insufficient to plead actual malice).

Additionally, once received, CNN included in its reporting Plaintiff's comment that he stood by Mikovits's story and that he does not push misinformation. *See* ECF 6-1, at 4. Including this contrary perspective further rebuts Plaintiff's allegation of actual malice. *Turner*, 879 F.3d at 1273-74 (including information contrary to defendants' conclusions undermined actual malice).[10]

Finally, Plaintiff's blanket assertion that "[w]hether the statements were published with actual malice is a question for the jury," is inapposite. In *Turner*, the Eleventh Circuit noted that the Eleventh Circuit applies the *Iqbal/Twombly* plausibility standard "to the actual malice standard in defamation proceedings." 879 F.3d at 1273 (affirming dismissal for failure to adequately plead actual malice). Thus, a defamation suit may be dismissed for failure to state a claim where the plaintiff has not pled facts sufficient to give rise to a reasonable inference of actual malice, and whether Plaintiff has sufficiently pleaded such facts is a matter of law. *See id.* Accordingly, this Court can, and should, dismiss Plaintiff's Complaint for failure to adequately allege actual malice. *See, e.g.*, *Turner*, 879 F.3d at 1274; *Corsi*, 2021 WL 626855, at *8.[11]

---

[10] Florida's Retraction Statute, Fla. Stat. § 770.01, does not require publishers to retract a correct statement merely because someone demands it. Rather, Sections 770.01 and 770.02 "afford newspapers and periodicals an *opportunity* to make full retraction in order to correct inadvertent errors and mitigate damages." *Mazur v. Ospina Baraya*, 275 So. 3d 812, 817 (Fla. Dist. Ct. App. 2019) (emphasis added). Publishers can stand by their story, as Defendants have.

[11] Plaintiff improperly cites *S. Air Transp., Inc. v. Post-Newsweek Stations, Fla., Inc.*, 568 So. 2d 927 (Fla. Dist. Ct. App. 1990) for the proposition that "[w]hether the statements were published with actual malice is a question for the jury." Opp. at 6. There, the court reversed *summary judgment* and remanded when the plaintiff produced enough evidence for a jury to find that the

**D.**     <u>**Plaintiff's alternative theories of liability fail as a matter of law**</u>.

As Plaintiff concedes, the publication of a false and defamatory statement is required to state a claim for defamation under Florida law. *See* Opp. at 3-4; *see also Five for Entm't S.A. v. Rodriguez,* No. 11–24142–CIV, 2013 WL 4433420, at *6 (S.D. Fla. Aug. 15, 2013) (citing *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008)). But nowhere does Plaintiff allege that Defendant Zucker published a false statement about Plaintiff—or, in fact, published any statements at all. Rather, Plaintiff's claim against Zucker, which is premised entirely on Plaintiff's assumptions and speculation regarding his behind-the-scenes involvement in the Article, consists of two legally insufficient arguments: first, that Zucker ratified, condoned and adopted the defamatory statements as his own; and second, that Zucker's and Darcy's refusal to individually respond to Plaintiff's retraction demand email constitutes conduct sufficient to give rise to an actionable defamation claim. Neither theory allows Plaintiff to avoid dismissal in this case.

1.     <u>Plaintiff's ratification theory fails as to Defendant Zucker.</u>

First, Plaintiff argues that Defendant Zucker is liable for the Statement because, Plaintiff surmises, Zucker "ratified" the alleged defamation and was otherwise involved behind the scenes in the creation of the story. *See* Compl. ¶ 18. When such allegations were challenged as improperly speculative in the MTD, Plaintiff's only response was to hypothesize that it is "nearly certain" that Zucker was involved in the story because the Article was a "high-profile matter." Opp. at 9. Setting aside that many, if not all, of CNN's stories relate to high-profile matters, this Court need not accept such baseless conjecture, even on a 12(b)(6) motion. *Davila*, 326 F.3d at 1185.

But even taking Plaintiff's bare speculation as true, Plaintiff's argument that Zucker is liable for the Statement because he "ratified, condoned, and adopted," the Article fails as a matter of law. In fact, Plaintiff recently unsuccessfully advanced a nearly identical ratification theory as plaintiff's counsel in *Corsi v. Newsmax. See* 2021 WL 626855, at *6-7 (ratification argument rejected). "Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Id.* (quoting Restatement Third of Agency § 4.01(1)). "While a principal may become liable for the acts of its agent when it ratifies an originally unauthorized act, the existence of a principal-agent relationship is a pre-requisite for

---

defendants acted with actual malice. *Id.* at 928-29. Here, Defendants have moved for dismissal based on Plaintiff's insufficient allegations alone, and whether Plaintiff has sufficiently pleaded actual malice is a matter of law for the Court. *See Michel*, 816 F.3d at 702.

ratification." *Id.* (dismissing defamation claim under ratification claim of liability).

Here, Plaintiff argues, without any factual support, that Zucker ratified the Statement. Opp. at 9. But even if that were true, Plaintiff has not properly alleged that CNN and Darcy are Zucker's agents or employees, because they are not. Zucker is the President of CNN, and Darcy is a Senior Business Reporter for CNN. Compl. ¶¶ 6-7. Therefore, Plaintiff has not adequately pleaded a plausible publication by ratification theory because he has not adequately alleged a principal-agent or employer-employee relationship that could give rise to such a theory of liability. *See Corsi*, 2021 WL 626855, at *6-7. Thus, even if this Court were to defer to Plaintiff's speculation that Zucker ratified the Statement, Plaintiff's ratification theory still fails as a matter of law. *Id.*

    2.    <u>Failure to respond to Plaintiff's email does not constitute defamation.</u>

Plaintiff also suggests that Zucker's and Darcy's failure to individually respond to Plaintiff's retraction demand is somehow actionably defamatory in itself.[12] *See* Opp. at 9. Again, a defamation claim requires the publication of a false statement. *Five for Entm't S.A.*, 2013 WL 4433420, at *6. Because publication of a false statement is an essential element of any defamation claim, individual Defendants' failure to respond to an email cannot serve as the basis for a defamation claim.[13] *Five for Entm't S.A.*, 2013 WL 4433420, at *6.

**E.**    **<u>Plaintiff is incorrect that malice and damages are presumed in this case.</u>**

Finally, Plaintiff argues that the nature of the alleged defamation is sufficient to relieve him of his pleading obligations with respect to malice and damages. Opp. at 9-10. But the authority Plaintiff cites for this argument pre-dates *Gertz v. Robert Welch Inc.*, which eliminates presumed damages for defamation *per se* actions against media defendants. 418 U.S. 323 (1974). Florida has similarly adopted this rule in its own jurisprudence. *See Mid-Florida Television Corp. v. Boyles*, 467 So. 2d 282 (Fla. 1985). Thus, both *Gertz* and *Mid-Florida Television Corp.* make clear that a plaintiff suing a media defendant must still adequately plead malice and damages. *Corsi v. Newsmax*, 2021 WL 626855, at *4.

### III.  CONCLUSION AND PRAYER

For the foregoing reasons, Defendants respectfully request that this Court grant the MTD and dismiss Plaintiff's claims against all Defendants with prejudice.

---

[12] CNN's counsel did respond to Plaintiff's demand on July 27, 2020. *See* MTD, Ex. B, at 12-14.
[13] As discussed above in Section C.2, *supra*, Defendants' failure to respond to Plaintiff's email is also insufficient to establish actual malice. *See Klayman v. City Pages*, 2015 WL 1546173, at *15.

Date: March 24, 2021.

Respectfully submitted,

By: */s/ Dana McElroy*
Dana J. McElroy
**THOMAS & LOCICERO, PL**
915 Middle River Drive, Suite 309
Fort Lauderdale, Florida 33304
dmcelroy@tlolawfirm.com
Telephone: (954) 703-3416
Telecopier: (954) 400-5415

Laura Lee Prather
laura.prather@haynesboone.com
Wesley D. Lewis
wesley.lewis@haynesboone.com
**HAYNES AND BOONE, LLP**
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone: (512) 867-8400
Telecopier: (512) 867-8470

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **24th** day of **March, 2021,** I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Dana McElroy*
Dana McElroy

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**                    **PAGE 11**