UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-82039-CIV-CANNON

**LARRY KLAYMAN**,

    Plaintiff,
v.

**CABLE NEWS NETWORK, et al.**,

    Defendants.
_____/

## ORDER GRANTING MOTIONS TO DISMISS

**THIS CAUSE** comes before the Court upon the Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 5] and the Motion to Dismiss for Failure to State a Claim [ECF No. 6] (together, the "Motions"), filed on November 13, 2020. The Court has reviewed the Motions, Plaintiff's Responses in Opposition [ECF Nos. 22–23], Defendants' Replies [ECF Nos. 26–27], and the full record. For the reasons set forth below, the Motions [ECF Nos. 5–6] are **GRANTED**.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Larry Klayman initiated this action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on August 11, 2020, bringing defamation claims against Cable News Network ("CNN"), CNN Reporter Oliver Darcy, and President of CNN Jeffrey Zucker (collectively, "Defendants") [ECF No. 1-3]. The defamation claims arise from a July 25, 2020 article authored by Darcy and, more specifically, from the following statement included therein: "Larry Klayman, a right-wing lawyer, has a history of pushing misinformation and representing conspiracy theorists" [ECF No. 1-3 ¶ 8; ECF No. 22 p. 2]. According to the Complaint, that statement is false and misleading, was published with malice, and has damaged Plaintiff's reputation and business as a lawyer and talk show host [ECF No. 1-3 ¶¶ 15, 19–72].

In November 2020, Defendants removed this action to federal court on the basis of diversity jurisdiction [ECF No. 1], and then shortly thereafter filed the two instant Motions [ECF Nos. 5–6]. One seeks dismissal of Plaintiff's claims against Darcy and Zucker pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction [ECF No. 5 (citing Fed. R. Civ. P. 12(b)(2))]; the other seeks dismissal of the entire Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state any claim [ECF No. 6 (citing Fed. R. Civ. P. 12(b)(6))]. The Motions are ripe for adjudication [*see* ECF Nos. 22–23 (Responses); ECF Nos. 26–27 (Replies)].

## LEGAL STANDARDS

### I.   Personal Jurisdiction Under Rule 12(b)(2)

"Because federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons, a federal court sitting in Florida must conduct a two-step inquiry to determine whether it has personal jurisdiction over [a] non-resident defendant." *Atmos Nation LLC v. Alibaba Grp. Holding Ltd.*, No. 15-CV-62104, 2016 WL 1028332, at *2 (S.D. Fla. Mar. 15, 2016) (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014)). Specifically, a federal court sitting in Florida must consider: (1) whether personal jurisdiction exists over the non-resident defendant under Florida's long-arm statute, and (2) whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (citing *Mutual Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004)). If personal jurisdiction is improper under either Florida's long-arm statute or the U.S. Constitution, then the given court lacks jurisdiction over the non-resident defendant.

"A plaintiff seeking the exercise of personal jurisdiction over a non[-]resident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citing

*Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (per curiam)). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). If the defendant submits affidavits contrary to the allegations in the complaint, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (citing *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier*, 288 F.3d at 1269 (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). Regardless of how the district court proceeds—whether it considers the motion to dismiss under a prima facie standard based on the complaint and any affidavits (as it does here), or whether it conducts an evidentiary hearing to weigh evidence and determine the credibility of witnesses— "the plaintiff must eventually, by the close of the evidence, establish personal jurisdiction by a preponderance of the evidence." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021).

    II.    **Failure to State a Claim Under Rule 12(b)(6)**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

3

(explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss[,] a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288–90 (11th Cir. 2010). A court is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See, e.g., Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

Complaints that violate Rule 8(a)(2) are referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings," including: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts," (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief," and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23. More broadly, "[a] dismissal under Rules 8(a)(2) and 10(b) is appropriate where 'it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis in original) (quoting *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

## DISCUSSION

Dismissal of the Complaint is warranted on three grounds: (1) the Complaint is a classic example of a category 1 shotgun pleading as identified in *Weiland*; (2) the Complaint fails to adequately establish personal jurisdiction as to Defendants Darcy and Zucker; and (3) insofar as it bases the defamation claims in the description of Plaintiff as "a right-wing lawyer," the Complaint fails to state a claim for relief. The Court reasons as follows.

The Complaint is a category 1 shotgun pleading because each count "re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth [therein]" [ECF No. 1-3 ¶¶ 19, 24, 29, 34, 40, 46, 52, 59, 66]. This is "[t]he most common type" of shotgun pleading and warrants dismissal by itself. *Weiland*, 792 F.3d at 1321.

The defamation claims against Defendants Darcy and Zucker further fail for lack of personal jurisdiction. The Complaint states, in conclusory fashion, that Darcy and Zucker "do substantial and regular business in [the Eleventh Circuit]," adding that Zucker is a citizen of the State of Florida [ECF No. 1-3 ¶¶ 3, 6]. Those allegations make up the entirety of the Complaint's allegations tying the individual Defendants to Florida. As the Rule 12(b)(2) Motion to Dismiss points out, the Complaint does not identify the section of the Florida long-arm statute under which Plaintiff purports to proceed [ECF No. 5 p. 11]. Nor has Plaintiff carried his burden to support personal jurisdiction in light of the declarations of Darcy and Zucker, in which they state under penalty of perjury that they are citizens of the State of New York and do not regularly transact business in Florida [ECF Nos. 5-2, 5-3]. Thus, the claims against the individual Defendants are due to be dismissed.

Lastly, Plaintiff's defamation claims clearly fail under Rule 12(b)(6) to the extent that they rely on the characterization of Plaintiff as "a right-wing lawyer" [ECF No. 1-3 ¶ 68; *see also* ECF No. 23 p. 9 (dissecting the subject statement into three subparts, and taking issue with each one)]. The Complaint acknowledges that Plaintiff "is the founder of [two] conservative public

CASE NO. 20-82039-CIV-CANNON

interest groups that hold the leftist media legally accountable" [ECF No. 1-3 ¶ 12]; to then argue that CNN has committed defamation by describing Plaintiff as "right-wing" is unconvincing. *See Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008) (recognizing that falsity is an essential element of defamation under Florida law); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (holding that amendment need not be allowed where it would be futile).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 5] is **GRANTED**.

2. The Motion to Dismiss for Failure to State a Claim [ECF No. 6] is **GRANTED**.

3. The Complaint [ECF No. 1-3] is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff will have **one final opportunity** to file an amended pleading consistent with this Order on or before **July 15, 2022**. Any such amended pleading must adequately allege facts sufficient to establish the Court's exercise of personal jurisdiction over all defendants; must avoid the pitfalls of shotgun pleadings; and must plausibly allege all essential elements of any defamation claims.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 21st day of June 2022.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record